KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

KYLE F. WALDINGER (ILSB 6238304)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (4l5) 436-6830
    Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 05-00381 MJJ |
|     Plaintiff, ) | |
| ) | STIPULATION AND [PROPOSED] |
| v. ) | ORDER TO AMEND JUDGMENT RE: RESTITUTION |
| ) | |
| JONATHAN HENRY WIEGMAN, ) | |
|     Defendant. ) | |

    The parties hereby submit the following stipulation regarding the restitution amount in this matter:

    1.     On May 5, 2006, this Court sentenced the defendant to 5 months' imprisonment on three counts of telecommunications device harassment, in violation of 47 U.S.C. § 223(a)(1)(C). At the May 5, 2006 sentencing, the Court left open the issue of restitution amount, because the Probation Office had not received restitution information from the victim in time to include that information in the Presentence Report. The Court set July 6, 2006 for a hearing to decide whether restitution was appropriate, and, if so, the amount.

    2.     Since the time of the May 5, 2006 hearing, the parties have had discussions on this issue. The parties have engaged in those discussions in part in an attempt to avoid an evidentiary hearing in which representatives of the victim company, UTStarcom, Inc., might be

STIP. AND [PROPOSED] ORDER
[CR 05-00381 MJJ]

1 | required to testify as to the issue of which costs UTStarcom reasonably incurred in response to
2 | the defendant's actions.
3 |     3.    As a result of the parties' discussions, the parties now stipulate and agree that an
4 | order of restitution is both permitted under the law and appropriate under the facts of this case.
5 | The parties also stipulate and agree that the appropriate amount of restitution that should be
6 | ordered to be paid to UTStarcom, Inc. is $5,000.
7 |     4.    Specifically, the parties agree that restitution is appropriate under U.S.S.G.
8 | § 5E1.1(a)(2), which provides that
9 |     in the case of an identifiable victim, the court shall . . . impose a term of probation
    or supervised release with a condition requiring restitution for the full amount of
10 |     the victim's loss, if the offense is not an offense for which restitution is authorized
    under 18 U.S.C. § 3663(a)(1) but otherwise meets the criteria for an order of
11 |     restitution under that section.
12 | U.S.S.G. § 5E1.1(a)(2). Thus, under this guideline, restitution may be imposed as a condition of
13 | supervised release where, as here, restitution is not authorized under any particular statute.
14 | See docket entry 49, at 1–3 (discussing applicability of Mandatory Victim Restitution Act and
15 | U.S.S.G. § 5E1.1(a)(2)).
16 |     5.    Here, the parties agree that UTStarcom qualifies as a "victim" under 18 U.S.C.
17 | § 3663(a)(2) because it was "directly and proximately harmed as a result of the commission of
18 | [the] offense." As alleged in the complaint in this matter, employees of UTStarcom, Inc. began
19 | receiving threatening e-mails from the defendant in approximately August 2004. Thereafter,
20 | employees of UTStarcom became concerned about those threatening e-mails. The company took
21 | several measures in response to those e-mails, including re-designing the front lobby area and
22 | hiring a security guard. See docket entry 1, ¶ 3, at 2.
23 |     6.    UTStarcom provided invoices for these costs directly to the Probation Officer
24 | prior to sentencing. Unfortunately, the Probation Office purged those materials from the file
25 | after the May 5, 2006 sentencing. Since that time, the United States has obtained additional
26 | copies of those documents from UTStarcom's outside counsel. Those materials are attached
27 | hereto as Exhibit 1.
28 |     7.    The parties stipulate and agree that a reasonable estimate of the losses that

STIP. AND [PROPOSED] ORDER
[CR 05-00381 MJJ]     -2-

1 | UTStarcom incurred as a result of the defendant's offenses is $5,000. This result is arrived at by
2 | excluding the costs expended by UTStarcom for a security guard,[1] and reducing the $8,224.65
3 | amount originally expended by UTStarcom for re-design of its front lobby area to $5,000.00.
4 | The parties' believe that this amount represents a reasonable estimate of the costs that could
5 | reasonably be incurred in August 2004 in response to the e-mails received from the defendant at
6 | that time.

7 |       8.    Based on the United States' previously filed sentencing memoranda and on the
8 | stipulated facts set out above, the parties stipulate and agree that the Court may amend the
9 | judgment in this matter to include the payment of $5,000 restitution, and that this should be made
10 | a condition of the defendant's supervised release term. The Court should order the defendant to
11 | pay restitution to the Clerk of the Court. The Court should order the Clerk to disburse all funds
12 | received to the following address: UTStarcom, Inc., c/o Russell L. Boltwood, General
13 | Counsel/CHRO, 1275 Harbor Bay Parkway, Alameda, CA 94502.
14 | SO STIPULATED.
15 | DATED: June 30, 2006                              KEVIN V. RYAN
16 |                                                      United States Attorney
17 |                                                        /S/
18 |                                                     KYLE F. WALDINGER
19 |                                                    Assistant United States Attorney
20 | DATED: June 30, 2006                              /S/
21 |                                                    JEROME MATTHEWS
                                                   Attorney for Defendant Jonathan Wiegman
22 | IT IS SO ORDERED.
23 |
24 | DATED: 7/5/2006
25 |                                                    MARTIN J. JENKINS
                                                   United States District Judge

---

[1] It is the parties' understanding that, although it reported the security guard costs to the Probation Office, UTStarcom did not seek restitution for those costs.

STIP. AND [~~PROPOSED~~] ORDER
[CR 05-00381 MJJ]                                       -3-